**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isabella Comanche, ) | No. CV-04-1593-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This is the time set for the Final Pretrial Conference. Plaintiff is represented telephonically by counsel, David J. Martin. Defendant is represented by counsel, Richard G. Patrick. Neither counsel requests that the oral argument on Defendant's Motion *In Limine* (docket # 26) be electronically recorded. Court reporter is not present.

      The Court and counsel informally discuss the Amended Joint Proposed Final Pretrial Order, previously lodged with the Court on March 3, 2006, which meets with the Court's overall approval. Counsel are directed to have all witnesses properly subpoenaed, available and prepared to testify immediately after the prior witness is excused so that no court time is wasted and the trial completed as scheduled.

      The subject bench trial will be held in Courtroom 302, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, Arizona, beginning on **Wednesday, March 22, 2006** and concluding **no later than Thursday, March 23, 2006**. Unless otherwise ordered, time for each trial day shall be from **10:00 a.m. to 12:00 noon** and from

1 **1:30 p.m. to 4:30 p.m.**  Counsel shall be at the courthouse every day by **9:30 a.m.** and **1:15
2 p.m.** in the event matters need to be discussed and the trial is not delayed thereby.

3         Plaintiff's counsel advises he still has a trial date conflict with a state juvenile
4 dependency matter in Gila County (Case No. MD2005-073).  He informs the Court that he
5 has a status conference set this Thursday, March 9, 2006 with Superior Court Judge Robert
6 Duber in the dependency matter in which the trial date will be discussed.  Plaintiff's counsel
7 is instructed to file a motion to continue this federal civil trial on or before **5:00 p.m. on
8 Friday, March 10, 2006** if the juvenile matter has not or will not be continued as it has, in
9 the undersigned's opinion,  a higher priority than a civil action for damages in federal court
10 even though this federal matter was likely scheduled for trial before the juvenile matter was.

11         Defense counsel invokes the Rule of Exclusion of Witnesses.  Counsel, and
12 each of them, shall instruct all of their actual and potential witnesses of the Rule and its
13 application to every witness, party and/or parties' representative prior to the Court's in-court
14 instruction of the Rule.  Counsel shall provide to all other counsel by either a written fax or
15 e-mail a list of the witnesses who will or may be called by that counsel on the next trial day
16 by **6:00 p.m.** of the previous trial day.  Plaintiff's counsel shall give notice to adverse counsel
17 by **6:00 p.m. on Monday, March 20, 2006**, which witnesses or parties he intends to call for
18 examination on the first day of trial and the time he chooses to call the witness.

19         Oral argument is held on Defendant's Motion *In Limine* (docket # 26).
20 Defendant argues that under existing Ninth Circuit and Arizona authorities, the fact that a
21 party was issued a citation by the automobile accident's investigating DPS officer is
22 inadmissible hearsay, is not relevant and, if relevant, the prejudicial value outweighs such
23 relevance. Hill v. Rolleri, 615 F.2d 886 (9th Cir. 1980); Ingrum v. Tucson Yellow Cab Co.,
24 131 Ariz.523, 642 P.2d 868 (Ariz. Ct. App. 1982). Plaintiff's counsel argues that permitting
25 the police officer to testify as to which party s/he cited "simply completes the story relative
26 to Officer Stephenson's observations and galvanizes his conclusions."  Response, Dkt # 34,

27

28

1 last page.[1] Plaintiff's counsel also argues that since this trial will be one to the Court, there
2 is no likelihood there would be any undue prejudice to Defendant because the Court can
3 disregard the fact that a party's employee was cited by the investigating police officer. No
4 legal authority is provided to support Plaintiff's arguments. The motion will be granted.

5 **IT IS ORDERED** adopting in its entirety, as if fully set forth herein, the
6 Amended Joint Final Pretrial Order signed by the Court and counsel herein and filed with the
7 Clerk this date.

8 **IT IS FURTHER ORDERED** that all exhibits for the trial shall be pre-
9 marked by counsel or counsel's representative and presented to the Magistrate Courtroom
10 Clerk ("MCC"), Ms. Sherise Marshall, by no later than **9:30 a.m.** on **Thursday, March 22,**
11 **2006** in accordance with the written instructions that have been provided to counsel by the
12 courtroom clerk.  The MCC may be reached at (602) 322-7238 during business hours for
13 scheduling and discussion purposes.  All exhibits shall be exchanged between the parties
14 prior to presenting them to the MCC.  Duplicate exhibits shall not be presented to the MCC.

15 **IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure
16 16(e) and 37(c), the Court will not allow the parties to modify the Joint Final Pretrial Order
17 or introduce at trial any exhibits, witnesses, or other information or to make any objections
18 to exhibits that were not previously specified and/or disclosed as directed by the Court in the
19 Amended Joint Final Pretrial Order, except to prevent manifest injustice.   Byrd v. Guess,
20 137 F.3d 1126, 1132 (9th Cir. 1998).

21 **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised
22 of the possibility of settlement and/or resolution by agreement of any pending issues to avoid
23 unnecessary preparation by the Court. If a settlement be reached, the parties shall
24 immediately file a Notice of Settlement with the Clerk of the Court with a copy to this Court.

25 **IT IS FURTHER ORDERED** that Defendant's Motion *In Limine* (docket #
26 26) is **GRANTED**. Whether a party was issued a citation is inadmissible hearsay and, if

---

[1] Plaintiff's counsel is advised that the better practice is to number each page of each pleading. There is pending for approval by the district judges a proposed Local Rule requiring the numbering of pages. At this time, it is not a mandatory practice.

1  relevant, its probative value is substantially outweighed by the prejudice of its introduction
2  in evidence under Rule 403, Fed. R. Evid.  Additionally, the Rules of Evidence should be
3  interpreted consistently and uniformly by the district court regardless if it is a jury trial or not.
4  Uniformity breeds predictability which is an important public policy for conducting trials

5  Unless Defendant, a defense witness or defense counsel opens the door,
6  Plaintiff, her attorney and witnesses are hereby prohibited from questioning, commenting
7  upon or introducing in the trial of this matter any evidence or information related, directly
8  or indirectly, to the fact that Defendant's employee was cited for the subject accident.

9  Court's staff shall immediately fax a copy of this Order to counsel of record.
10  DATED this 6th day of March, 2006.

Lawrence O. Anderson
United States Magistrate Judge